Chad Belville IA Bar 015731
304 East Beth Drive
Phoenix, AZ 85042
602-904-5485
FAX 602-297-6953
cbelville@azbar.org
Attorney for Plaintiff


UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF IOWA

CENTRAL DIVISION


| | | |
|---|---|---|
| FRASERSIDE IP LLC, | ) | |
|     An Iowa Limited Liability Company | ) | |
| | ) | No. 11-cv-03056-MWB |
| | ) | |
| vs. | ) | COMPLAINT and |
| | ) | JURY DEMAND |
| | ) | |
| GAMMA ENTERTAINMENT INC, a Canadian | ) | |
| Entity, dba PornerBros.com and | ) | |
| WILD BLUE MEDIA; | ) | |
| dba PornerBros.com, www.pornerbros.com | ) | |
| and John Does 1 - 100 and | ) | |
| John Doe Companies 1 - 100 | ) | |
| | ) | |


INTRODUCTION

Piracy of copyrighted and trademarked works is a multi-billion dollar, global industry of

theft.  The piracy of legal adult entertainment is the training ground for all other forms of online

piracy – audio books, television shows, digital music files, and general release Hollywood

movies.  USA Today wrote, "Online porn often leads high-tech way"

http://www.usatoday.com/money/industries/technology/2004-03-09-onlineporn_x.htm and it is a

fact that pornography lead the technological advances and mass acceptance of VHS, DVD's, the

growth of the Internet, streaming video, online advertising, online payment processing, and downloads.  Online piracy of pornography has lead the way for piracy of more mainstream copyrighted works; it has provided a roadmap at a significant cost to the legitimate and legal adult and mainstream entertainment industries.   The pirates of pornography train like professional sports players before a big game; they are masterful at their craft and execute with precision.  They diligently find ways to hide assets and identities while exploiting weaknesses in their prey.  Piracy such as that committed by Defendants is committed only for profit; no party engages in piracy out of any feeling of philanthropic responsibility or to further constitutional free expression.  The Rand Institute's 2009 publication Film, Piracy, Organized Crime, and Terrorism determined that "Piracy is high in payoff – with profit margins greater than those of illegal narcotics – and low in risk often taking place under the radar of law enforcement.  In addition, terrorist groups have in some cases used the proceeds of film piracy to finance their activities.  Besides being a threat to the global information economy, counterfeiting threatens public safety and national security."

http://www.rand.org/pubs/monographs/2009/RAND_MG742.pdf

Piracy is not a victimless crime and piracy of legal adult materials leads to greater occurrences of piracy across all other forms of online intellectual property.  It is against this backdrop that the following Complaint is respectfully submitted to the Court.

JURISDICTION AND VENUE

1.      Plaintiff is a Limited Liability Company organized under the laws of the State of Iowa with its principal place of business in Northwood, Iowa.

2.      Defendant PornerBros.com has previously hidden its true identity behind WhoIsGuard with a business address of 11400 W. Olympic Blvd. Suite 200, Los Angeles,

California 90064. WhoIsGuard released information to Plaintiff indicating that the registrant of www.pornerbros.com is Wildblue Media, located at Thomas Daniel Building, Suite 12, Hicks Street, Bridgetown Barbados, BB11144, BB. On information and belief, Defendant Gamma Entertainment is a stakeholder of www.pornerbros.com; it is believed to be located at 3300 Cote Vertu, Suite 406, Montreal, Quebec Canada H4R 2B7.  Further stakeholders and relationships among defendants will be identified during discovery.

3.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(c).

4.      This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c ) and/or (d).

PARTIES

5.      FraserSide IP LLC, an Iowa Limited Liability Company, is the rightful trademark, copyright and intellectual property owner and/or successor in interest of the United States trademarks, copyrights, and intellectual property that is the basis for this action.  The parent company Private Media Group Inc., a Nevada company (PRVT on NASDAQ), is one of the world's leading producers of high quality brand driven adult motion picture films.  Fraserside, commonly and commercially known as "Private," has been producing legal adult entertainment since 1968, from print magazines and movie reels to VHS to DVD to online digital download and streaming.  In 2010, Private shipped over 400 orders to Iowa residents and delivered nearly 2000 online to Iowa customers. Fraserside's highly sought after intellectual property is distributed on a wide range of platforms including mobile handsets via 104 network operators in

45 countries, digital TV via 38 platforms in 24 countries, broadband Internet, television broadcasting including its own South American cable channel in a venture with world famous Playboy™ and sold on DVD's, on demand and through subscription based web properties. Fraserside has protected its trade names such as PRIVATE, PRIVATE GOLD, PIRATE and THE PRIVATE LIFE OF through United States trademark and service mark registrations and its films through United States copyright registration.  Beginning in 1975, Fraserside further protected its intellectual property through registration in more than 25 countries including Australia, Brazil, Canada, Chile, Denmark, Europe, France, Germany, Hong Kong, India, Italy, Japan, Mexico, Norway, New Zealand, Panama, Philippines, Poland, South Africa, Spain, Sweden, Switzerland, Taiwan, Thailand, United Kingdom, and Venezuela.

6.      Plaintiff, directly or through its assigns are producers, distributors, and/or exclusive licensors of motion pictures in the United States.  Plaintiff through their assigns are engaged in the business of producing, distributing, and/or licensing to others, the rights to copy, distribute, transmit and exhibit copyrighted motion pictures and/or other audio visual works. Plaintiffs' library has required the expenditure of significant amounts of time, money and other resources to produce high quality products, develop supply chains and distribution systems, and build premium brand recognition of their products.

7.      Plaintiffs, either directly or through their affiliates or licensees, distribute their copyrighted works in various forms, without limitation, over the Internet, pay-per-view, video on demand, digital video discs (DVD's), and other formats, by selling them directly or indirectly to the home viewing market or licensing others to do so.  Plaintiffs also distribute their copyrighted works, without limitation, through Internet streaming and download services.

8.      Plaintiffs have registered with the United States Copyright Office their copyrighted works identified in the paragraphs below.  Plaintiffs have taken industry standard steps to identify their products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played. All copyrights and trademarks claimed by Fraserside IP LLC, including the right to sue for past infringement, have been assigned in their entirety to Fraserside IP LLC by the parent or sibling company and transfer documentation has been submitted to the respective government offices.

9.      Plaintiff's PRIVATE trademark and service mark have been continuously used in commerce since at least June 1968.  U.S. Trademark Registration No. 1014975 was registered on July 1, 1975 and renewed on September 6, 2005.

10.     Plaintiff, directly or through its assigns, has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark PRIVATE.  As a result, the purchasing public has come to know, rely upon and recognize the mark PRIVATE as an international brand of high quality entertainment.

11.     Plaintiff's PRIVATE GOLD trademark and service mark have been continuously used in commerce since at least August 2004.  U.S. Trademark Registration No. 3188677 was registered on December 26, 2006.

12.     Plaintiff, directly or through its assigns, has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark PRIVATE GOLD.  As a result, the purchasing public has come to know, rely upon and recognize the mark PRIVATE GOLD as an international brand of high quality entertainment.

13.     Plaintiff's PRIVATE trademark and service mark design of two human female figures have been continuously used in commerce since at least December 2004.   U.S. Trademark Registration No. 3389749 was registered on May 26, 2008.

14.     Plaintiff, directly or through its assigns, has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark service mark design of two human female figures.  As a result, the purchasing public has come to know, rely upon and recognize the mark design of two human female figures as identifying Plaintiff's work, an international brand of high quality entertainment.

15.     Plaintiff's PIRATE trademark and service mark have been continuously used in commerce since at least May 24, 2000.   U.S. Trademark Registration No. 3137445 was registered on September 5, 2006.

16.     Plaintiff, directly or through its assigns, has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark service mark PIRATE.  As a result, the purchasing public has come to know, rely upon and recognize the mark PIRATE as an international brand of high quality entertainment.

17.     Plaintiff's THE PRIVATE LIFE OF trademark and service mark have been continuously used in commerce since at least September 1999.  U.S. Trademark Registration No. 2875138 was registered on August 17, 2004.

18.     Plaintiff, directly or through its assigns, has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark THE PRIVATE LIFE OF.  As a result, the purchasing public has come to know, rely upon and recognize the mark THE PRIVATE LIFE OF as an international brand of high quality entertainment.

19.     Plaintiff has produced in excess of 1,000 full-length adults-only or adult-oriented audio-visual works and holds over 75 United States copyrights for its works.

20.     Defendant www.PornerBros.conm hides its identity behind WhoIsGuard with a business address of 11400 W. Olympic Blvd. Suite 200, Los Angeles, CA 90064.

21.     Defendant Gamma Entertainment has a stated address of 3300 Cote Vertu Suite 406, Montreal, Quebec H4R 2B7 Canada.  Defendant Gamma Entertainment acknowledges ownership of owner of www.PornerBros.com.  The registered owner of the domain shown in WhoIs appears to be WildBlue Media, with a stated address of Thomas Daniel Building, Suite 12, Hincks Street, Bridgetown, Barbados BB 11144.

22.     Defendants do business as PornerBros.com and operate the website PornerBros.com [hereinafter PornerBros].

23.     Defendant PornerBros competes against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution.

24.     Upon information and belief, Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for illegal profit and monetary gain.

## STATEMENT OF FACTS

25.     Upon information and belief, PornerBros.com is a website that provides adult-oriented audio-visual content to the general public without request for age-verification.

26.     Upon information and belief, the PornerBros.com website is visited by over 2,500,000 internet surfers per day. [See Attachment 1 Compete.com results with estimates and public details]. Upon information and belief, Alexa, a website rating service, ranks PornerBros.com as the 1,049 most visited website in the world.  [See Attachment 2 Alexa Ranking].  For comparison purposes only, Google.com and Facebook.com are ranked 1 and 2, respectively; Ford.com is ranked 2,956; and Chevy.com is ranked 6,302.   Defendant's large web presence result in Plaintiff's copyrighted works being able to be viewed by millions of visitors on Defendant's website.  Defendant serves up Plaintiff's copyrighted works through Defendant's website and uses shell games to attempt to avoid civil responsibility for the damage it does to Plaintiffs and other legitimate producers.  Details will be obtained during discovery.

27.     According to Alexa, 21.1% of PornerBros.com visitors are in the United States, over twice the next highest country, Germany, at 8%. [See Attachment 2, Alexa Ranking].

28.     Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright owner.  By its definition each view constitutes a separate and distinct instance of infringement that is produced on a viewer's computer.  Plaintiff's intellectual property has been viewed thousands of times, available for months and for some videos, years, on Defendant's website. With the enormous amount of internet users on Defendant's website, the number of uncompensated views grows daily thus furthering the number of copyright infringements and contributing to the further dilution of the Plaintiff's trade and service marks.

29.     Upon information and belief, Defendant offers a copy of the infringing URL to surfers ostensibly to post in other locations around the Internet, increasing the ease of access to the infringing material as well as increasing the visibility in search engines of the infringing

material, further diluting Plaintiff's trade and service marks. An internet user can copy and paste the URL on another website where the video can then be accessed.  The number of views on PornerBros therefore does not reflect the number of views on those third party sites.  This significantly increases the number of infringing views due to the tortious acts of Defendants. This number grows daily thus furthering the number of copyright infringements and contributing to the further dilution of the Plaintiff's trade and service marks.

30.     Upon information and belief, Defendants additionally use third-party file hosting sites to store copies of Plaintiff's copyrighted works, which Defendant advertises for download through a premium paid upsell page.  During discovery, details of the financial benefit to Defendant through this download advertising will be detailed.

31.     Upon information and belief, a large portion of videos available on the websites appear to be copyrighted videos that, upon information and belief, are not owned by Defendant but are owned by well-known and long-established members of the adult –oriented audio -visual entertainment industry.

32.     Plaintiff owns the worldwide rights to its extensive archive of high-quality content and also licenses its trademarks internationally for a select range of luxury consumer products.

33.     Plaintiff, as successor in interest, has dedicated significant resources to create, distribute, and protect its works.  In addition, Plaintiff dedicates resources to be in compliance with applicable laws in order to protect the integrity of their works and the overall adult entertainment industry.

34.     The viability and profitability of Plaintiff and Plaintiff's parent company are based upon monies and revenue earned from Plaintiff's intellectual property, including copyrights in Plaintiff's films.

35.     The Internet, in conjunction with recent significant advances in technology, hardware and software, has resulted in the availability of effective means for circumventing the intellectual property ownership rights in nearly every industry, including adult entertainment. The pervasive and intense online infringement is nearly crippling the adult entertainment industry, providing unfettered, unregulated, free access to copyrighted works originally produced by reputable businesses and persons.

36.     Upon information and belief, these infringers are without any accountability to governmental requirements or regulations, without any actual investment in the creation of the works, and without any commitment to the vision of the future of the industry.  Nonetheless, these infringers utilize, display, and distribute copyrighted works for which they have no right or proper license for their own commercial and significant financial benefit.  These actions have caused and continue to cause significant damage to the business and reputation of the true copyright owners.

37.     Upon information and belief, blatant copyright infringers, such as Defendant through its website PornerBros, have taken advantage of the existence of legitimate Web sites that properly facilitate the exchange of user-generated content. These infringers attempt to disguise themselves as legally operated websites.

38.     Defendant PornerBros is truly a subscription membership web site hiding behind the veneer of a simple user-generated content exchange site.  Defendant PornerBros is not a site where users upload home videos; PornerBros is a subscription website of professional videos.

39.     PornerBros enters into contracts with subscribers by selling premium
memberships to users who want to view content, including Plaintiff's, in higher quality than they
can see for free. These memberships require an ongoing, continuous obligation to
PornerBros.com and a commitment to paying a monthly fee.

40.     On information and belief, the premium membership permits payment in U.S.
dollars, and is thus targeted to United States citizens.

41.     PornerBros, in its Terms and Conditions, invokes the protection of United States
laws, stating that the website and its contents "are owned by and/or licensed to PornerBros,
subject to copyright and other intellectual property rights under United States."

42.     Defendants' website encourage users to set up their own profiles, become
involved with other users, and interact with the host computer to do so.

43.     Pornerbros.com is an interactive website, and users and members have 24 hour
access to its content. The website provides for ongoing interaction with the host computer by
permitting uploads to the host computer, and downloads of premium videos from the host
computer.

44.     PornerBros.com and Defendants store uploaded videos on the host computer.

45.     On information and belief, PornerBros.com and Defendants moderate, review and
screen the uploads of videos to its host computer. PornerBros.com at a minimum must monitor
all videos to determine if any are illegal, such as child pornography.

46.     On information and belief, Defendants take an active role in the reproduction,
distribution and display of the infringed material. Further, Defendants have the right and ability
to control the content of the website. For instance, in its Terms and Conditions, PornerBros states
that it "may at its sole discretion have the right to refuse to publish, remove, or block access to

any User Submission that is available via the Website or other PornerBros network or services at any time, for any reason, or for no reason at all, with or without notice." In addition, PornerBros indicates it has "ZERO TOLERANCE" for illegal content, that "illegal material shall not be tolerated by PornerBros." The Terms and Conditions also indicate that "PornerBros shall not condone child pornography and will cooperate with all governmental agencies that seek those who produce child pornography."

47.     On information and belief, Defendants had and have actual knowledge of the infringing material on PornerBros.com and/or was aware of facts or circumstances from which infringing activity was apparent on its system or network and/or failed to act expeditiously to remove or disable access to the material upon obtaining such knowledge or awareness.

48.     The foregoing facts show that Defendant is not entitled to the safe harbor protection of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c).

49.     Defendant's PornerBros.com website is designed for the sole purpose of taking commercial advantage of the copyrighted works of others without any authority whatsoever and derives benefit from the copyrighted works.  This significant commercial and financial advantage is obtained without purchasing or licensing any rights from the copyright holder nor incurring the significant expense of creating and generating the content itself.  Defendant proudly states in prominent position on its website under the Plaintiff's video that the user should "Download Full Length Video"

50.     Upon information and belief, Defendant's business model of using unauthorized works without compensation has significantly contributed to the ability of Defendant to become a profitable and well trafficked website.  Defendant offers unauthorized content for free that legitimate competitors must pay for.  Defendant then sells premium access to unauthorized

content with more extraordinary results.  An illegitimate business model where the cost of goods sold is zero will be able to drive out legitimate competitors.

51.     Upon information and belief, Defendants have created, own, and/or operate the Internet Web site www.PornerBros.com.  In concert with the Doe Defendants, Defendant PornerBros uses this site to display and distribute Plaintiff's films, among others, to Internet Users.  Defendant PornerBros and the Doe Defendants each know, or have reason to know, that there is no proper license or authority to display and distribute Plaintiff's films on Defendant's website and no proper license or authority to or obtain commercial financial gain from such display and distribution.  A very large portion of the content indexed on or available on the website is infringing, unauthorized copyrighted content, including Plaintiff's copyrighted works. The fundamental purpose of the website is to capitalize on the illegal dissemination and contribute to the illegal dissemination of infringing works. This display and distribution provides Defendant PornerBros with significant monthly revenues, and hinders Plaintiff's rightful ability to derive financial benefits from their own films.

52.     Upon information and belief, the display and distribution of Plaintiff's films are accompanied by advertisements that generate Defendant PornerBros significant annual revenue. Advertisers purchase ad space on certain pages and in certain locations on PornerBros.com due to the known or estimated Internet traffic that views the particular page or location.  The volume of Internet traffic on such page or location is directly attributable to the quality of content displayed and distributed.  Thus, the quality of Plaintiff's films is directly responsible for the revenue generated by the sale of ad space on Defendant's website.

53.     Upon information and belief, the commercial financial benefit and deception regarding the purpose of Defendant's website is not limited to the revenues generated through

sale of third party advertising space.  As opposed to legitimate user generated content exchange sites, Defendant's website induces the Internet user to pay subscription fees.

54.     Upon information and belief, PornerBros does not initially allow users to view high quality versions of Plaintiff's films or download Plaintiff's film to the user's computer, although a significant portion is displayed and distributed.  If the Internet user wishes to view the film in High Definition and realize additional benefits, the user is presented the option by becoming a Premium Member. The website user, enticed by Plaintiff's video on Defendant's page, is directed to a membership sign up page where the user is presented with one year membership for $95.40; 1 month membership for $24.95; 3 months membership for $49.95 or a two day trial membership for $1.00 which rebills automatically. The user, lead through the PornerBros.com website, is presented with Premium Membership under the name Brazzers, which appears to the user to be a continuation of the PornerBros site.

55.     Upon information and belief, the Internet user, initially lead to believe that Defendant's website is a completely free viewing site, is presented with paid options to enhance the viewing experience of unauthorized works owned by Plaintiff.  The user is enticed by Plaintiff's videos into a paid membership with further financial benefit only to Defendant. Defendants give away unauthorized viewing of Plaintiff's property.

56.     Potential customers of Plaintiff are lost when Defendant gives away Plaintiff's goods without benefit to Plaintiff.

57.     Upon information and belief, Plaintiff's copyrighted works have been and continue to be infringed by Defendants and the Doe Defendants through the reproduction, distribution, and public display of Plaintiff's films by and through the Internet Web site PornerBros for which Defendants own the domain registrations and to which Defendants and the

Doe Defendants, stakeholders of the site, provide essential equipment and support including codes that allow other website owners to "embed" and thereby display Plaintiff's intellectual property on a third party website.

58.     Upon information and belief, the volume of Internet traffic generated at Defendant's website is due to the fact Internet users are presented viewing desirable, infringed content for free, rather than obtaining the viewing rights legally and knowingly paying for such rights.

59.     On or about September 2011, an initial search of Defendant's website revealed and documented over 27 separate instances of copyright infringement of Plaintiff's copyrighted and trademarked intellectual property.  As of the date of this Complaint, a total of 27 instances of infringement, identified by name and registration number in Count 1, were documented as being displayed and distributed on PornerBros.com.  Each of these films were displayed and distributed by Defendants and the Doe Defendants, each individually and acting in concert with each other, without the consent of, or licensing by, Fraserside, the copyright owner and registrant of the motion picture.

60.     Plaintiff marks each film with a copyright notice and trademark in order to inform the public of Plaintiff's ownership.  Upon information and belief Defendant has altered Plaintiff's films in that these notices and marks have been removed.  Defendants intentionally delete, blur or obscure Plaintiff's watermarks and logos from Plaintiff's videos displayed on Defendants' website, causing consumers to be confused as to the origin of the audio-video content.  Defendant's place their own site watermark on Plaintiff's intellectual property.  The manipulation of identifying marks is also evidence of knowledge and intent to infringe Plaintiff's intellectual property rights.

61.     Upon information and belief, Defendant has actual knowledge and clear notice of this extensive infringement of Plaintiff's titles.  The infringement is clear and obvious even to the most naïve observer.  Plaintiff's films are displayed and distributed on PornerBros through Defendants and the Doe Defendants acting in concert.  Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

62.     Defendants' infringement of Fraserside's copyrights and trademarks is aimed at Plaintiff, who is located in Iowa. The infringement is aimed at harming Plaintiff in its business. Defendants have knowledge that Plaintiff was an American company located in Iowa and was aware that by Defendants' infringing activities, Plaintiff would lose profits.

63.     Discovery will demonstrate the quantum of contacts Defendants have with Iowa.

64.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright and trademark infringement, and thereby have infringed, secondarily infringed, and induced infringement by others,  the copyrights and trademarks in Plaintiff's copyrighted work, including but not limited to those listing the paragraphs below.


CLAIMS FOR RELIEF

COUNT I

Copyright Infringement

65.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work ANAL LOLITAS, protected by Copyright Registration PA0001670894   and Trademark Registration 1014975; specifically located at

http://www.pornerbros.com/search/gabriella+marceau/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

66.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work ANAL MERMAIDS, protected by Copyright Registration PA0001670905   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/anal+mermaids/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

67.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work ANAL MERMAIDS, protected by Copyright Registration PA0001670905   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/11689/barbara-voice-and-sintia-stone-in-retro-porn-scene.html. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

68.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work BEAUTIES IN THE TROPIX, protected by Copyright Registration PA0001674265   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/beauties+in+the+tropix/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

69.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work BEAUTIES IN THE TROPIX, protected by Copyright Registration PA0001674265  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/50502/outdoor-sex-is-so-much-fun.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

70.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work BILLIONAIRE, protected by Copyright Registration PA0001674263  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/BILLIONAIRE+/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

71.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work CARIBBEAN DREAM, protected by Copyright Registration PA0001670898  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/CARIBBEAN+DREAM/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

72.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work CARIBBEAN VACATION, protected by Copyright Registration PA0001677489and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/caribbean+vacation/.  This copyrighted and trademark

protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

73.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work CLEOPATRA, protected by Copyright Registration PA0001676455  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/19614/julia-taylor-in-cleopatra-porn-video.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

74.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work CLEOPATRA, protected by Copyright Registration PA0001676455  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/19614/julia-taylor-in-cleopatra-porn-video.html?wmid=363&sid=0. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

75.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work CLEOPATRA, protected by Copyright Registration PA0001676455  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/CLEOPATRA/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

76.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work DANGEROUS THINGS, protected by Copyright Registration PA0001675595  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/dangerous+things/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

77.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work FATAL ORCHID, protected by Copyright Registration PA0001675598and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/FATAL+ORCHID/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

78.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work FETISH THERAPY, protected by Copyright Registration PA0000776233and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/FETISH+THERAPY/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

79.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work GAIA 1 – LES OBSTACLES DE L'AMOUR, protected by Copyright Registration PA0000926222and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/gaia/.  This copyrighted and trademark

protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

80.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work GIRLS OF DESIRE, protected by Copyright Registration PA0001670895   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/32293/blond-porn-star-sophie-moon-gets-rammed.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

81.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work GIRLS OF DESIRE, protected by Copyright Registration PA0001670895   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/GIRLS+OF+DESIRE/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

82.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work GLADIATOR, protected by Copyright Registration PA0001674249   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/gladiator/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

83.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work GUNS AND ROUGH SEX, protected by Copyright

Registration PA0001670901 and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/guns+and+rough+sex/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

84.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work HOUSE OF LOVE, protected by Copyright Registration PA0001675697  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/house+of+love/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

85.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work IBIZA SEX PARTY 5, protected by Copyright Registration PA0001674244 and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/ibiza/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

86.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work LADY OF THE RINGS, protected by Copyright Registration PA0001673381 and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/lady+of+the+rings/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

87.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work MATADOR, protected by Copyright Registration PA0000984665  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/matador/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

88.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work MATADOR 5 – SEX TRIP, protected by Copyright Registration PA0001003434 and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/12750/monica-sweetheart-bends-for-a-doggy-style.html.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

89.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work MILLIONAIRE, protected by Copyright Registration PA0001674271   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/MILLIONAIRE+/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

90.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work PAINTBALL WARRIORS, protected by Copyright Registration PA0001675815 and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/paintball+warriors/.  This copyrighted and trademark

protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

91.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work PORN WARS, protected by Copyright and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/PORN+WARS/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

92.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work PORNOLYMPICS, protected by Copyright Registration PA0001670614   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/PORNOLYMPICS+/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

93.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work PRIVATE GOLD 43 – NO SUN, NO FUN, protected by Copyright Registration PA0001001585and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/no+sun+no+fun/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

94.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work PRIVATE GOLD 5, CAPETOWN, protected by Copyright Registration PA0000926228and Trademark Registration 1014975; specifically located

at http://www.pornerbros.com/search/cape+town/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

95.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work PSYCHOPORN, protected by Copyright Registration PA0001670904and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/PSYCHOPORN/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

96.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work SEXY BUSINESS, protected by Copyright Registration PA0001672445 and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/SEXY+BUSINESS/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

97.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work SPREAD MY LIPS, protected by Copyright Registration PA0001670902   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/SPREAD+MY+LIPS/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

98.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work SUPERFUCKERS 1, protected by Copyright

Registration PA0000984594 and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/superfuckers/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

99.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work TANYA HYDE'S TWISTED DREAMS, protected by Copyright Registration PA0000984581  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/twisted+dreams/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

100.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work TASTE OF PLEASURE, protected by Copyright Registration PA0001674267   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/TASTE+OF+PLEASURE+/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

101.     In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work TROPICAL TWINS, protected by Copyright Registration PA0001670893   and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/TROPICAL+TWINS/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

102.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work URANIUS EXPERIMENT, protected by Copyright Registration PA0000776170  and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/uranus+experiment/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

103.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work WHAT WET BITCHES, protected by Copyright and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/WHAT+WET+BITCHES!/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

104.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work WITCH BITCH, protected by Copyright and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/WITCH+BITCH/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

105.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work WITHOUT LIMITS, protected by Copyright and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/WITHOUT+LIMITS/.  This copyrighted and trademark

protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

106.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work YOUR TIME IS UP, protected by Copyright Registration PA0001674269 and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/your+time+is+up/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

107.    In September 2011, Plaintiff documented www.pornerbros.com display and offer for viewing Plaintiff's copyrighted work ZODIAC, protected by Copyright Registration PA0000956743and Trademark Registration 1014975; specifically located at http://www.pornerbros.com/search/zodiac/.  This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

<u>Count II</u>
<u>Contributory Copyright Infringement</u>

108.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

109.    On information and belief, Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

110.     On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501

111.     Defendant's unauthorized publication of Plaintiff's copyrighted works constitutes infringement of Plaintiff's rights in and to each of the copyrighted works and each publication constitutes a separate and distinct infringement.

112.     By enabling, causing, facilitating, materially contributing to, and encouraging the unauthorized publication and reproduction, distribution, and public display of unauthorized copying of Plaintiff's copyrighted works in the manner described above, with full knowledge of the illegality of such conduct, Defendant has contributed to and induced a vast number of copyright and trademark infringements against Plaintiff.

113.     The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendant enables, causes, materially contributes to and encourages through the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

114.     The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

115.     As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

116.      Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

117.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT III

### Vicarious Copyright Infringement

118.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

119.    On information and belief, Defendants have engaged in the business of profiting through advertising around Plaintiff's copyrighted works on its website, thus knowingly and vicariously causing and benefiting from the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the vicarious infringement of Plaintiff's copyrighted works.

120.    On information and belief, Defendants' actions constitute vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

121.    The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

122.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

123.    As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

124.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

125.     Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

COUNT IV

Inducement of Copyright Infringement

126.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

127.     On information and belief, Defendants have encouraged the illegal uploading through membership and downloading of Plaintiff's copyrighted works through software download, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

128.     Upon information and belief, Defendant's induce third parties to send users to Defendant's website, knowing the website gains monetary benefit from unauthorized copyrighted works, thus inducing copyright infringement and illegally benefiting Defendant and third parties from such infringement.

129.     On information and belief, Defendants' actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

130.     The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

131.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

132.    As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

133.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

134.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT V

## False Designation of Origin under the Lanham Act

135.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

136.    Upon information and belief, Defendant's conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

137.    Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

138.    Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

<u>COUNT VI</u>

<u>Dilution of Trademark</u>

139.   Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

140.   Upon information and belief, Defendant's conduct is likely to cause dilution of Plaintiff's trademarks and goodwill pursuant to 15 U.S.C. 1125(c).

141.   Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes trademark dilution pursuant to 15 U.S.C. § 1125(c).

142.   Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

**<u>PRAYER FOR RELIEF</u>**

A.   That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)   Any further use of Plaintiff trade dress and terms which is confusingly similar thereto;

(2)   Directly or indirectly using Plaintiff trade dress and terms or confusingly similar trade dress and terms, either alone or in combination with other terms, marks, symbols or trade dress;

(3)   Any further use of Plaintiff trade dress or terms, or any element thereof, in connection with the marketing or sale of adult entertainment;

(4)     Performing any action or using any trade dress, terms, or other name, mark, symbol, imagery or slogan which is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or public into believing that Plaintiff and Defendants are one and the same, or in some way connected, or that Plaintiff is the sponsor of Defendants or their products, or the Defendants in some manner are affiliated or associated with, or under the supervision of Plaintiff, or that Defendants' products originate with Plaintiff, or are connected or offered with the approval, consent, authorization, or under the supervision of Plaintiff;

(5)     Marketing or selling any product containing or utilizing Plaintiff' intellectual property or business values; or

(6)     Any other conduct constituting unfair competition with Plaintiff, misappropriation of Plaintiff trade dress or terms or business values, or a violation of the Iowa Code.

B.     That Defendants be ordered to transfer the domain www.PornerBros.com, and all similar domains held by Defendant found in discovery, such as misspellings of the enumerated domains, domains held by Defendant linked to PornerBros.com, and the content therein to Plaintiff.

C.     That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     That Plaintiff be awarded damages in an amount to be determined at trial all infringing activities, including Plaintiff damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.     That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff trade dress and terms;

F.      That Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff trade dress and terms, as well as any confusingly similar trade dress or terms;

G.      That Plaintiff be awarded enhanced damages and attorney's fees;

H.      That Plaintiff be awarded pre-judgment and post-judgment interest;

I.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

JURY DEMAND
Plaintiff  FraserSide IP LLC. demands a jury on all issues so triable.

DATED:  November 6, 2011            Respectfully submitted,

                                    By:

                                    /s/ Chad L. Belville
                                    cbelville@azbar.org
                                    Chad  Belville, Attorney at Law
                                    Attorney for Plaintiff
                                    Iowa Bar # 015731

Physical Address                    304 East Beth Drive
                                    Phoenix, AZ 85042

MAILING ADDRESS:                    P.O. Box 17879
                                    Phoenix, AZ 85066

                                    Telephone:  602-904-5485
                                    FAX:  602-297-6953
                                    E-mail cbelville@azbar.org
                                    ATTORNEY FOR PLAINTIFF

TABLE OF ATTACHMENTS

1.       Compete.com results for PornerBros.com

2.       Alexa Ranking for PornerBros