Richard M. Foster, Esq., Pro Hac Vice
Sylvia Sultanyan, Esq., Pro Hac Vice
LAW OFFICES OF RICHARD M. FOSTER
5429 Cahuenga Boulevard
North Hollywood, California 91601
Telephone: (818) 508-1500
Facsimile: (818) 508-1529

Connie Alt AT0000497
Jennifer E. Rinden AT0006606
Shuttleworth & Ingersoll, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
Phone: 319-365-9461
Fax: 319-365-8564
Jer@shuttleworthlaw.com
Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF IOWA

## CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC,<br>    An Iowa Limited Liability Company<br><br>vs.<br><br>GAMMA ENTERTAINMENT INC, a Canadian Entity, dba PornerBros.com and<br>WILD BLUE MEDIA;<br>dba PornerBros.com, www.pornerbros.com<br>and John Does 1 - 100 and<br>John Doe Companies 1 – 100 | No. 11-cv-03056-MWB<br><br>Hon. Mark W. Bennett<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS and MOTION TO STRIKE |

### Relief Sought

Defendants Gamma Entertainment Inc. and Wild Blue Media Ltd., dba PornerBros.com

and www.PornerBros.com (the "Defendants"), through local counsel, make this limited special

appearance to challenge jurisdiction and venue and move the Court for an order dismissing

Plaintiff's "Complaint and Jury Demand," based on Fed. R. Civ. P. 12(b)(2) and 12(b)(3)

challenges. Alternatively, Defendants move the Court for an order to strike various provisions

from the Complaint under Fed R. Civ. P. 12(f). These motions are consolidated pursuant to Fed.

R. Civ. P. 12(g).

Grounds

The grounds and reasons for the consolidated motions are set forth in the Defendants'

Memorandum of Points and Authorities submitted with this motion and include the following:

1.   Complaint must be dismissed under Fed. R. Civ. P. 12(b)(2) since Plaintiff fails to
     meet constitutional due process prerequisites for establishing specific or general
     personal jurisdiction.

2.   Complaint must be dismissed in its entirety under Fed. R. Civ. P. 12(b)(3) or
     forum non-conveniens doctrine because this Court is not a proper venue for the
     action.

3.   Alternatively, this Court should order Plaintiff to amend its illogical and self-
     contradictory Complaint by striking paragraphs, or portions thereof, under Fed. R.
     Civ P. 12(f). Specifically, Defendants move to strike the following parts of the
     Complaint:

     a.   Motion to strike last sentence in Complaint ¶ 5 for impossibility. "Beginning
          in 1975 Fraserside further protected its intellectual property through
          registration . . ." Plaintiff Fraserside IP was not founded until 10/20/2010.

     b.   Motion to strike Complaint ¶ 4 as scandalous misstatement of law. The U.S.
          Code section cited by Defendants – "28 U.S.C. §§ 1391(b), (c), and/or (d)" –

is a federal statute regarding venue and has nothing to do with giving sufficient legal basis for personal jurisdiction.

c. Motion to strike Complaint ¶¶ 7 and 8 for referring to "Plaintiffs." There is only one plaintiff bringing this action.

d. Motion to strike the first sentence of Complaint ¶ 28 for scandalously misstating Copyright Law, which states that "Copyright law states that any material that is 'reproduced performed, publicly displayed, or made into a derivative work without permission' is an illegal violation of the rights of the copyright owner. As with its equivocation between personal jurisdiction and the venue statute in Complaint ¶ 4, Plaintiff completely misstates the law of 17 U.S.C. 101, et seq. Copyright law only protects original works fixed in a tangible medium, not "any material."  Specifically, "Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 101 U.S.C. § 102(a).

e. Motion to strike, as immaterial and impertinent, Complaint ¶ 31 which states, "Upon information and belief, a large portion of videos available on the websites appear to be copyrighted videos that, upon information and belief, are not owned by Defendant but are owned by well-known and long-established members of the adult-oriented audio-visual entertainment industry." This is immaterial because it does not allege such material is infringing; even if it is true, such material may be licensed to Defendants by

their respective owners or uploaded by them directly onto the Web site. Moreover, copyrighted works owned by unrelated entities have no bearing on Plaintiff's suit.

f.   Motion to strike "and Plaintiff's parent company" from Complaint ¶ 34 as immaterial and impertinent. The effects on Plaintiff's parent company are irrelevant to Plaintiff's interest in getting a judgment for relief in this action.

g.   Motion to strike Complaint ¶¶ 40 and 41 as immaterial and impertinent since targeting U.S. citizens or invoking the protections of laws of the United States are not relevant to analysis of personal jurisdiction, venue, or any other matter in this suit.

h.   Motion to strike Complaint ¶¶ 76, 77, 79, 87, 91, 102, 103, 104, and 105 as no such titles are registered to Plaintiff name or any name on the Copyright Office's online records.

i.   Motion to strike "Count VI" including Complaint ¶¶ 139 to 142 as immaterial, impertinent, and impossible because Plaintiff alleges as in the "Statement of Facts" part of its Complaint that Defendants "removed" Plaintiff's marks from the films in question. If the facts are viewed in Plaintiff's favor for this motion to dismiss, then trademark dilution is impossible and irrelevant to this lawsuit since it claims the marks were removed and therefore not visible to users.

## Papers on Which Motion Based

These consolidated motions are based on the pleadings and the papers on file with the Court in this action, the accompanying Notice of Motion, the legal arguments contained in the accompanying Memorandum of Points and Authorities, the facts contained in the accompanying

Affidavit of Daniel Bastien (to be considered as narrowly as necessary for this Motion); as well as whatever evidence and argument is presented at the hearing on this motion.

Respectfully Submitted,

Date: January 30, 2012

/s/ Richard M. Foster
Richard M. Foster, Pro Hac Vice
Sylvia Sultanyan, Pro Hac Vice
LAW OFFICES OF RICHARD M. FOSTER
5429 Cahuenga Boulevard
Tel: (818) 508-1500
Fax: (818) 508-1529
richard@rmflawoffice.com
sylvia@rmflawoffice.com

/s/ Connie Alt
CONNIE ALT, AT0000497
JENNIFER E. RINDEN, AT0006606
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
Tel: (319) 365-9461
Fax: (319) 365-8564
cma@shuttleworthlaw.com
jer@shuttleworthlaw.com

Richard M. Foster, Esq., Pro Hac Vice
Sylvia Sultanyan, Esq., Pro Hac Vice
LAW OFFICES OF RICHARD M. FOSTER
5429 Cahuenga Boulevard
North Hollywood, California 91601
Telephone: (818) 508-1500
Facsimile: (818) 508-1529

Connie Alt AT0000497
Jennifer E. Rinden AT0006606
Shuttleworth & Ingersoll, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
Phone: 319-365-9461
Fax: 319-365-8564
Jer@shuttleworthlaw.com
Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF IOWA

## CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC,<br>　　　An Iowa Limited Liability Company<br><br>vs.<br><br><br>GAMMA ENTERTAINMENT INC, a Canadian Entity, dba PornerBros.com and<br>WILD BLUE MEDIA;<br>dba PornerBros.com, www.pornerbros.com and John Does 1 - 100 and<br>John Doe Companies 1 – 100 | No. 11-cv-03056-MWB<br><br>Hon. Mark W. Bennett<br><br><br>MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS and MOTION TO STRIKE |

/ / /

/ / /

/ / /

/ / /

/ / /

## TABLE OF CONTENTS

SUMMARY..................................................................................2

ARGUMENT...............................................................................3

    1.     Complaint must be dismissed under Fed. R. Civ. P. 12(b)(2) since Plaintiff fails to meet constitutional due process prerequisites for establishing specific or general personal jurisdiction .....................3

        *A.  This Court does not have Specific Personal Jurisdiction over Defendants*..............................................................7

        *B.  This Court does not have General Personal Jurisdiction over Defendants*.............................................................12

    2.     Complaint must be dismissed under Fed. R. Civ. P. 12(b)(3) or forum non-conveniens doctrine because this Court is not a proper venue for the action.................................................18

    3.     Alternatively, this Court should order Plaintiff to amend its illogical and self-contradictory Complaint by striking paragraphs, or portions thereof, under Fed. R. Civ P. 12(f)..............................19

CONCLUSION............................................................................20

TABLE OF ATTACHMENTS..........................................................20

## SUMMARY

The Complaint should be dismissed because Fraserside IP LLC (the "Plaintiff") fails to plead facts sufficient to give this Court constitutionally-permissible personal jurisdiction and venue over Gamma Entertainment Inc. and Wild Blue Media, d.b.a. PornerBros.com and www.PornerBros.com (collectively, the "Defendants").

Even if everything alleged in the Complaint is assumed to be true in the light most favorable of Plaintiff, nothing in the Complaint, attachments thereto, or publicly available files shows that Defendants have sufficient minimum contacts with Iowa to satisfy due process and all this Court to exercise specific or general personal jurisdiction. Further, the Northern District of

Iowa is not a proper venue because Plaintiff fails to plead that a substantial part of the property or events giving rise to the claims – e.g., the allegedly infringing unauthorized reproductions, distributions, adaptations, displays, or performances of the copyrighted and trademarked motion pictures on its Web site – occurred in this federal district. Alternatively, forum non-conveniens doctrine would prefer dismissal as well since the Province of Quebec, Canada is a superior venue for the adjudication of these claims of international infringements.

According to the Iowa State Secretary's records, Plaintiff was organized only in October 2010 and has already managed to file at least ten other virtually-identical lawsuits against its online competitors in this Court. *See* Exhibit A (Fraserside IP LLC organizational information from Secretary of State Web site). Defendants seem to be the latest target in Plaintiff's campaign of using baseless formulaic lawsuits to intimidate legitimate competitors into paying large cash settlements by dragging them into a far-away jurisdiction.

Pursuant to the following points and authorities, this Court should dismiss such a defective Complaint on its face for lack of personal jurisdiction under either Fed. R. Civ. P. 12(b)(2) or lack of proper venue under Fed. R. Civ. P. 12(b)(3), or at least strike various portions of it under Fed R. Civ. Proc. 12(f) as appropriate.

## ARGUMENT

**1. Complaint must be dismissed under Fed. R. Civ. P. 12(b)(2) since Plaintiff fails to meet constitutional due process prerequisites for establishing specific or general personal jurisdiction.**

Plaintiff fails to plead or attach any affidavits, exhibits, or other evidence containing sufficient facts to support a reasonable inference that each Defendant may be subjected to personal jurisdiction in Iowa. The only mention as to personal jurisdiction in the Complaint is under its "Jurisdiction and Venue" subheading, where Plaintiff misstates the law: "This Court

has personal jurisdiction pursuant to 28 U.S.C. §§ 1391 (b), (c) and/or (d). Complaint ¶ 4. Section 1391 (entitled "Venue Generally") has nothing to do with personal jurisdiction but is rather the basis for selecting a proper venue. Based on Plaintiff's erroneous citation and failure to assert sufficient basis under the Due Process Clause as discussed below, Plaintiff's Complaint warrants dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

When jurisdiction has been challenged, "[t]he plaintiff has the burden of proving facts supporting personal jurisdiction." *Miller v. Nippon Carbon Co., Ltd.,* 528 F.3d 1087, 1090 (8th Cir. 2008). To survive a 12(b)(2) motion to dismiss, "The Complain 'must state sufficient facts…to support a reasonable inference that [each defendant] may be subjected to jurisdiction in the forum state.'" *Fraserside IP L.L.C. v. Hammy Media, Ltd.,* 3:11-cv-03025-MWB Doc. 50 (N.D. Iowa 2012) (citing *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008)). "'Once jurisdiction ha[s] been controverted or denied, [plaintiffs] ha[ve] the burden of proving such facts.'" *Denver v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)); *see Viasystems, Inc. v. EBM-Past St George GMBH & Co., K.G.*, 646 F.3d 589, 592 (8th Cir. 2011). The plaintiff's required *prima facie* showing "must be tested, not by the pleading alone, but by affidavits and exhibits presented" in support of its opposition to the motion to dismiss for lack of personal jurisdiction. *Coen v. Coen,* 509 F.3d 900, 904-905 (8th Cir. 2007); *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983-84 (8th Cir. 2004) (instructing that the party seeking to establish personal jurisdiction bears the burden to prove it exists using affidavits, exhibits, or other evidence); *accord K-V Pharm Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011). When allegations in a plaintiff's complaint are contested, reliance on conclusory allegations is insufficient and additional proof is required. *Johnson v. Woodcock,* 444 F.3d 953, 956 (8th Cir. 2006) (conclusory allegations did

not satisfy plaintiff's burden to establish *prima facie* case of personal jurisdiction); *see also*

*Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1074 (8th Cir. 2004).

A federal court may exercise personal jurisdiction over a nonresident defendant only if

doing so is consistent with both the forum state's long-arm statute and the requirements of the

U.S. Constitution's Due Process Clause. *Primus Corp. v. Centreformat Ltd.*, 221 Fed.Appx. 492,

493 (8th Cir. 2007). Since Iowa's long-arm statute extends personal jurisdiction over

nonresidents to the fullest extent permissible under the U.S. Constitution, the Due Process Clause

"minimum contacts" requirement is the prerequisite this Court must meet in order to exercise

personal jurisdiction over nonresidents. Iowa Code § 617.3; Iowa R. Civ. P. 1.306; *Dakota*

*Indus. Inc. v. Ever Best Ltd.,* 28 F.3d 910, 915 (8th Cir. 1994); *Bell Paper Box, Inc. v. U.S. Kids,*

*Inc.,* 22 F.3d 816, 818 (8th Cir. 1994); *Hammond v. Florida Asset Fin. Corp.*, 695 N.W.2d 1, 5

(Iowa 2005) (discussing Iowa R. Civ. P. 1.306) . The Due Process Clause requires that

"minimum contacts exist between a nonresident defendant and the forum state before a court in

that state can exercise jurisdiction over that defendant." *Miller,* 528 F.3d at 1090 (citing *World-*

*Wide Volkwagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980));

*VGM Financial Service v. Singh*, 708 F. Supp. 2d 822, 830 (N.D. Iowa, 2010). "The Due Process

Clause protects an individual's liberty interest in not being subject to the binding judgments of a

forum with which he has no meaningful 'contacts, ties, or relations'" *Burger King Corp. v.*

*Rudzewicz,* 471 U.S. 462, 471-72 (1985) (quotation omitted).

Sufficient "minimum contacts" exist when the defendant's conduct and the connection

with the forum state are such that the defendant "should reasonably anticipate being haled into

court there, and when maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *Coen,* 509 F.3d at 905 (citations omitted); *Wells Dairy, Inc. v. Food Movers*

*Int'l, Inc.*, 667 F.3d 515, 518 (8th Cir. 2010); *Steinbuch*, 518 F.3d at 585-86; *Bell Paper Box, Inc.*, 22 F.3d at 818; *Epps v. Stewart Information Servis. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003); *VGM Financial Service*, 708 F. Supp. at 830. "'Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.'" *Johnson*, 444 F.3d at 955-56 (quoting *Pecoraro v. Sky Ranch For Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003)). The Eighth Circuit Court Appeals instructed courts to use a five-factor test to determine if there are sufficient "minimum contacts" for specific personal jurisdiction: (1) nature and quality of the contacts with the forum state; (2) quantity of those contacts with the forum state; (3) relation of the cause of action to the contacts; (4) interest of the forum state in providing a forum for its residents; and (5) convenience of the parties; with primary emphasis given to the first three prongs. *Coen*, 509 F.3d 900 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). With respect to the third factor, the Court "[distinguished] between specific and general jurisdiction. "'Specific jurisdiction . . . refers to jurisdiction over causes of actions within the forum state,' while '[g]eneral jurisidiction . . . refers to the power of a state to adjudicate any case of action involving a particular defendant, regardless of where the cause of action arose." *Id.* (citations omitted); *see also Steinbuch*, 518 F.3d at 586 (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 414-15). Both the general and specific theories require some act by the defendant in which it purposefully avails itself of the privilege of conducting activities within the forum state, and invoking the benefits and protections of its laws, so much that it could reasonably anticipate being haled into court in that state. *Dever*, 380 F.3d at 1073 (8th Cir. 2004) (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.E.2d 1283 (1958)); *VGM Financial Service*, 708 F. Supp. 2d at 831. However, whereas specific personal jurisdiction requires "minimum

contacts," general personal jurisdiction requires a finding that the contacts between the nonresident defendant and forum state be "substantial and continuous." *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704 (8th Cir. 2003). The Eighth Circuit Court of Appeals further instructs that "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party of a third person. *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693-94 (8th Cir. 2003) (citations omitted).

If the court determines that a defendant has the requisite "minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp.*, 471 U.S. at 476 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). These "other factors" are the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of the controversies, and the shared interest of the several States in furthering fundamental substantial social policies. Burger King Corp., 471 U.S. at 476-77 (quoting World Wide Volkswagen, 444 U.S. at 292).

The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2) because Plaintiff has not pled or referenced enough facts to show there are sufficient "minimum contacts" under either the specific or general theories for this Court to assert personal jurisdiction.

### A. This Court does not have Specific Personal Jurisdiction over Defendants

Specific personal jurisdiction exists only if the injury giving rise to the lawsuit (here, the copyright and trademark infringements complaint of) occurred within or had some connection to

the forum state; meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those same activities. *Johnson,* 614 F. 3d at 795 (quoting *Steinbuch,* 518 F.3d at 586 (citing *Burger King,* 471 U.S. at 472)); *VGM Financial Service,* 708 F. Supp. 2d at 831. This purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Stanton v. St. Jude Med., Inc.,* 340 F.3d 690, 693-94 (8th Cir. 2003) (citations omitted).

As to asserting specific jurisdiction over a defendant who operates a Web site, the Eighth Circuit also considers the *Zippo* test in the first factor of its "minimum contacts" analysis. *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119 (W.D. Pa. 1997). The *Zippo* Court outlined a sliding scale whereby the likelihood that personal jurisdiction can be constitutionally exercised based on the entity's online presence is directly proportionate to the nature and quality of commercial activity that entity conducts over the Internet; passive sites that merely offer information to interested visitors are not grounds for personal jurisdiction whereas highly interactive sites that allow a defendant to enter into contracts with residents of the forum and involve knowing and repeated transmission of computer files over the Internet may be grounds, subject to the nature and quality of other contacts, their relation to the forum, and the other prongs of the constitutional "minimum contacts" analysis. *Id. at 1124; Lakin,* 348 F.3d 704; *Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 WL 1113585 (N.D. Iowa 2011). In *Lakin v. Prudential Sec., Inc.,* 348 F.3d 704, 710 (8th Cir. 2003), the Eight Circuit Court of Appeals adopted the "sliding scale" approach established in *Zippo* to determine if a Web site's contacts provide a basis for specific jurisdiction.

Defendants are nonresidents who do not have "minimum contacts" with this State. Under the first prong of the five part Eighth Circuit test, the contacts between Defendants and this State are totally absent. Plaintiff even concedes in its Complaint that Defendants are foreign business entities with their principal places of businesses located in the sovereign nations of Canada and Barbados. Complaint ¶2; *See also* Affidavit of Daniel Bastien ¶¶ 2-3. The Complaint does not allege that Defendants were incorporated or founded under the laws of the state of Iowa; they were not founded in Canada and Barbados. *See generally,* Complaint; *See also* Bastien Aff. ¶ 4. It does not allege that Defendants had or have any property, offices, stores, telephone numbers, bank accounts, officers, directors, employees, agents, or representatives in Iowa; they did not and do not. *See generally,* Complaint; *See also* Bastien Aff. ¶ 18. While the Complaint alleges that Defendants target their business activities to United States citizens and invoke the protection of United States laws, there are no allegations anywhere that Defendants have done any business with Iowa residents or that Defendants are taking advantage of the laws and protections of Iowa; they are not. Complaint ¶ 40; *See also* Bastien Aff.¶¶ 18-19. Nothing in the Complaint shows that any Iowa resident contracted with Defendants or even visited its Web site. As a matter of law, Plaintiff does not allege any specific ways Defendants purposefully availed themselves to doing business in Iowa and why they could foresee being haled into court in Iowa. *See generally,* Complaint. There is certainly nothing in the record alleging Defendants consented to jurisdiction or venue in Iowa. *Id; See also* Bastien Aff.¶ 19. Any contacts between the Defendants and this State occur when Iowa residents reach out to the Web site and purposefully avail themselves of its free services, not the other way around. Web site and non-Web site contacts, weighed altogether, do not amount to the type of nature and quality of contacts which would reasonably subject a foreign company to jurisdiction in Iowa. Because the website can be accessed

anywhere in the world, including Iowa, "its existence does not demonstrate an intent to

purposefully target Iowa." *See Lindgren v. GDT, L.L.C.*, 312 F. Supp. 2d 1125, 1131 (S.D. Iowa

2004) (pointing out that an interactive commercial site "us arguably no more directed at Iowa

than at Uzbekistan"); *see also ESAB Group, Inc. v. Centricut, L.L.C.*, 34 F. Supp. 2d 323, 331

(D.S.C. 1999) ("While it is true that anyone, anywhere in the world could access Centricut's

home page, including someone in South Caroline, it cannot be inferred from this fact alone that

Centricut deliberately directed its efforts toward South Carolina residents"). While Defendants'

site is available internationally, Plaintiff has failed to demonstrate that Defendants engaged in

any conduct for the specific purpose of doing business or causing consequences in Iowa.

Under the second prong of the analysis, Plaintiff has not alleged in its Complaint that

there are a large quantity of contacts between Defendants and this State. *Compare, e.g., Erickson*

*v. Blake*, 2011 WL 3497798 (D.Neb. 2011) (finding that posting of sound recording for

nationwide sale on iTunes, CD Baby, and YouTube, where at least one copy was actually

purchased in Nebraska, does not demonstrate Oregonian defendant purposefully availed himself

of the privilege of conducting activities within Nebraska; to find otherwise would offend the

traditional notions of fair play and substantial justice). The Complaint here does not indicate

many Iowa residents have reached out to visit the Web site or contracted with Defendants. It

alleges that 21.1% of the Web site's visitors are in the United States but does not have any

allegation that any of these visitors are from Iowa as required to have personal jurisdiction.

Complaint ¶ 27. Regardless of the actual numbers, Plaintiff fails to even *mention* in the

Complaint the number, continuity, or pervasiveness of contacts between Defendants and Iowa or

whether it even alleges that they are substantial enough for exercising personal jurisdiction. *See*

*generally,* Complaint.

Under the third prong of the test, the relation between the cause of the injury and this State is tenuous at best. The purportedly-infringing reproductions, distributions, and derivative uses of the videos did not occur in this State. The infringements (namely the purported reproduction, distribution, derivative usage) occurred, if at all, on servers located outside of this State. Thus, the cause of action for the purported injuries originated outside of Iowa's borders.

The fourth and fifth prongs, which are secondarily important relative to the first three, also weigh in favor of Defendants. As to the fourth prong of the test, Plaintiff has not demonstrated why Iowa has a strong interest in providing a forum for a recently incorporated subsidiary entity that is designed solely for the purpose of forum shopping and bringing lawsuits. Plaintiff was founded in 2010 and has brought over 10 virtually-identical lawsuits against online competitors of its parent and affiliate entities located in the Republic of Cyprus and the State of Nevada. Even if Iowa has an interest, its "interest in providing its residents with a forum cannot make up for the absence of minimum contacts." *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 525 (8th Cir. 1996). Finally, under the fifth prong of the test, the convenience of the parties tips largely in favor of Defendants because Plaintiff will likely want to depose Defendants' officers, who live and work far away from Iowa. Moreover, most of the records and evidence would be available where the cause of action likely occurred: Canada. Even Plaintiff and its Arizona-based attorney have an extremely limited presence in Iowa. It will be a big inconvenience to all since both parties and their lawyers must travel to litigate in Iowa.

This Court concluded that where there is such a "total absence of contacts with the State of Iowa," the nature, quality, quantity and relation of contacts to Iowa "all decidedly weigh against exercising personal jurisdiction[.]" *Hammy Media, Ltd.,* 3:11-cv-03025-MWB Doc. 50 at page 16. As in that virtually *identical* case, the minimum contacts analysis of the facts alleged in

this case tips heavily in favor of Defendants because, other than their Web site which can be accessed by users in any country, they have no contacts at all with Iowa, did not purposefully avail themselves to doing business in Iowa, the claims for alleged infringement do not originate in Iowa and the interest of an Iowa-based federal court in protecting a forum-shopping plaintiff is likely small compared to the convenience of having physical access to Defendants' corporate officers, servers, and records in the more appropriate jurisdiction of Quebec.

>    B.   *This Court Does not have General Personal Jurisdiction over Defendants*

Alternatively, a federal court may have "general" personal jurisdiction if a defendant has historically carried on "continuous and systematic" business contacts in the forum state even if the alleged injury did not have any connection with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868 (1984); *Johnson*, 614 F.3d at 794 (quoting *Dever*, 380 F.3d at 1073); *Lakin*, 348 F. 3d at 711-712; *Steinbuch*, 518 F.3d at 586; *VGM Financial Service*, 708 F. Supp. 2d at 831 (finding defendant's contacts with Iowa insufficient to establish general jurisdiction where, among other factors, defendant did not have an office, telephone number, bank account, or any employees, representatives or agents in Iowa); *Dryspace*, 2011 WL 1113585 at 6 (Plaintiff did not meet burden of demonstrating Iowa courts have general jurisdiction where record did not show Defendant had any offices, telephone numbers, bank accounts, or employees, representatives or customers in Iowa, did not show Defendant had any sales or trained any contractors in Iowa, and did not show Defendant operated an interactive Web site with a substantial quantity of contacts with Iowa residents through its Web site). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846,

2853-54 (2011); *see Viasystems, Inc.*, 646 F.3d at 592 (quoting *Brown*, 131 S.Ct. at 2853-54). The plaintiff must make a *prima facie* showing that the nonresident defendant's contacts with the forum were not "random", "fortuitous", or "attenuated."*Steinbuch*, 518 F.3d at 586.

Even if the Court were to accept arguendo that Defendants' one and only contact with Iowa, its Web site, is an interactive Web site, the Complaint should still be dismissed because an interactive site alone is insufficient to establish sufficient minimal contacts for constitutionally exercising personal jurisdiction. The *Zippo* sliding scale analysis alone does not sufficiently account for the requirement that the defendant's contacts be both continuous and substantial. *Lakin*, 348 F.3d at 711-712. While the *Zippo* analysis is a starting point in whether a nonresident defendant's Web site subjects it to general personal jurisdiction; it is also necessary to weigh the nature, quality, and quantity of the defendant's contacts via its Web site. *Id* ("[W]e will first apply the *Zippo* test and then also look at the quantity of those contacts with the [forum state] residents."). "'[I]t is possible for a Web site to be very interactive, but to have no quantity of contacts.' . . . This could lead to the 'untenable result' in general jurisdiction analysis that the defendant's contacts 'would be continuous but not *substantial*'." *VGM Financial Service*, 708 F. Supp. 2d at 837-838 (citing *Lakin*, 348 F. 3d at 711-712); *Lakin*, 348 F.3d at 712-713 (noting that general jurisdiction would be improper where there is no evidence of the number of times Missouri residents had accessed the defendant's website, requested further information regarding its service or utilized its online loan application services); *See also Bell v. Imperial Palace Hotel/Casion, Inc.*, 200 F.Supp.2d 1082, 1092 (E.D. Mo. 2001) (cited with approval in *Lakin*, 348 F.3d 704) ("[E]ven if the existence of an 'interactive' website were sufficient to support general jurisdiction in some circumstances," it could not do so in the absence of any evidence that residents of the forum state had used the website); *Hammy Media Limited*, 3:11-cv-03025-

MWB Doc. 50 at page 12. Plaintiff makes no allegation as to the quantity of contacts between Defendants and Iowa and does not even show one instance of Defendants engaging in business with (e.g., advertising directly to or entering into a contract with) an Iowa resident. Like its Complaint in *Hammy Media, Ltd.,* which this Court dismissed on January 17, 2012, Plaintiff has presented no evidence of any Iowa resident purchasing a membership for Defendants' Web site or even of visiting the site. *Compare Hammy Media Ltd.,* 3:11-cv-03025-MWB Doc. 50 (N.D. Iowa 2012) (citing *Lakin,* 348 F.3d 704, 712-13).

In *VGM Financial Service,* seller of medical equipment lacked sufficient contacts with Iowa to support exercise of general personal jurisdiction over seller, even though seller (a) listed on its Web site the contact information for six Iowa medical practitioners who used its products, (b) had received funds from company that was an Iowa resident and that provided financing to its customers, and (c) had engaged in sales or service transactions with Iowa residents; no evidence was proffered showing Iowa residents had visited Web site or contracted seller through it, and seller had dealt with only 15 Iowa customers in the previous six years, engaging in five or fewer transactions with Iowa residents in several of those years, even though they were making up to $430,000 in gross annual sales from Iowa customers! *VGM Financial Service,* 708 F. Supp. 2d at 837-841; *see also Laseraim Tools, Inc. v. SDA Manufacturing, LLC,* 624 F.Supp.2d 1027 (E.D. Ark. 2008) (patentees' website did not establish continuous and systematic contacts with forum state warranting exercise of personal jurisdiction over them in competitor's action seeking a declaratory judgment concerning validity and enforceability of their patent, where patentees made a total of 18 sales in Arkansas, 13 of those on their website, and their total sales in Arkansas accounted for only 0.2% of their total sales).

As in the *VGM Financial Service, Bell, Laseraim Tools, Hammy Media, Ltd.* cases, Plaintiff's conclusory allegations are not enough pursuant to precedent such as *Dever* and *Woodcock*. Plaintiff fails to produce evidence showing Defendant had a history of maintaining continuous and systematic contacts in Iowa. Defendants are Canadian and Barbadian companies. Complaint ¶ 2; Bastien Aff. ¶¶ 1-2. Defendants have no offices in Iowa, no employees in Iowa, no telephone number in Iowa, and no agent for service of process in Iowa. Bastien Aff. ¶ 18. None of Defendants' officers or directors have ever visited Iowa on official business. *Id.* None of the Defendants servers are located in Iowa. *Id.* Defendants have not advertised directly to Iowa residents. Bastien Aff. ¶ 19. Defendants' contacts with Iowa, if any, would therefore have been no more than random, fortuitous, attenuated, irregular, passive, and unintentional. A reliance on *Zippo* analysis for general personal jurisdiction, as Plaintiff may presumably attempt, would also be unpersuasive. While Plaintiff alleges that the Web site here is interactive and allows users to enter into contracts with users, Plaintiff does not assert any reason to believe there are continuous and *substantial* contacts between Defendants and the forum state. Complaint ¶¶ 42-46. Further, Plaintiff sets forth no allegations that there are a large number of Iowa residents (or even one Iowa resident) visited, interacted with, purchased content from, or created user accounts on the Web site. Plaintiff does not even allege that Iowa residents ever contacted Defendants via the Web site. These shortcomings in Plaintiff's Complaint are fatal to its argument that this Court has general personal jurisdiction and this Court should dismiss this Complaint for lack of both specific and general personal jurisdiction as in *VGM Financial Service* and *Hammy Media, Ltd.*

Plaintiffs have thus far offered only misstatements of the law and empty conclusory allegations that this Court has sufficient personal jurisdiction over nonresident Defendants, and

without any factual support from sworn affidavits, exhibits, or other evidence. Moreover, when a plaintiff offers only speculation or conclusory assertions about minimal contacts, a court is within its discretion to deny jurisdictional discovery. *See Viasystems, Inc.,* 646 F.2d at 679. Allowing limited jurisdictional discovery on such a faulty Complaint as in filed in this case would be an unwarranted fishing expedition. As such, this Complaint should be dismissed entirely under Fed. R. Civ. P. 12(b)(2) and the Iowa long arm statute.

### 2. Complaint must be dismissed under Fed. R. Civ. P. 12(b)(3) or forum non-conveniens doctrine because this Court is not a proper venue for the action.

Even if this Court finds that there is personal jurisdiction over Defendants, this case must be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3) and/or forum non-convenience jurisprudence. Venue in civil actions not founded solely on diversity of citizenship, as is the case with Plaintiff's federal question-based Complaint, are governed by 28 U.S.C. § 1391(b), which states: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *See also,* 28 U.S.C. § 1400(a). Where venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Northern District of Iowa is not a district which any of the Defendants have their principal place of business, have officers or directors, or even employees, representatives or agents; nor is it a district in which a substantial part of the events or omissions giving rise to the claims occurred as required by 28 U.S.C. § 1391(b)(2). No substantial part of property that is the

subject of this action is situated in Iowa. For the sake of argument, Plaintiff may have allegedly

sustained some injuries when Iowa residents viewed the videos in Iowa, but these viewers were

either allegedly accessing the videos on the  Web site on the servers of third parties to which the

viewers were redirected to if they selected a video. Almost all of the alleged infringing content

was hosted solely on third party servers None of the Defendants may be found in Iowa; they may

be found in Quebec and Barbados. Therefore, this District Court does not have any means for

asserting proper venue over Defendants under § 1391(b) or 1400(a). It must dismiss under

12(b)(3) and 28 U.S.C. § 1406(a).

Defendants further move to dismiss this action on the ground of *forum non-conveniens*

because the Province of Quebec in Canada is a better alternative forum. Under the doctrine of

*forum non conveniens*, a district court may dismiss an action on the ground that a court abroad is

the more appropriate and convenient forum for adjudicating the controversy. A district court may

dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter

and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so

warrant. *Sinochem Int'l Co. v, Malay. Int'l Shipping Corp.*, 549 U.S. 422 (2007). Quebec is a

better alternative forum for this action because defendant Gamma Entertainment Inc. is a

Canadian corporation with its principal place of business in Montreal, Quebec, Canada. *See*

Complaint ¶ 2; Bastien Aff. ¶¶ 7, 21. It is already clear from the above analysis that Defendants

have little to no contacts with Iowa. But Plaintiff also failed to indicate any substantial contacts

between itself and the State of Iowa other than its newly registered Iowa Limited Liability

Company; for what is now apparent, was for the sole purpose of haling unsuspecting online

competitors into this forum. Most important, Plaintiff fails to allege whether any of the causes of

action *arose* in Iowa.

When an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems," the court may, in the exercise of its sound discretion, dismiss the case. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 240 (1981).To guide trial court discretion, the Supreme Court in *Gulf Oil Corp. vs. Gilbert*, 330 U.S. 501 (1947) provided a list of private interest factors affecting the convenience of the litigants, and a list of public interest factors affecting the convenience of the forum. The factors pertaining to the private interests of the litigants include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gilbert*, 330 U.S. at 508.The public factors bearing on the question include the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*, at 509.

For reasons stated above, litigation in Quebec would provide more expeditious access to witnesses, records, and other sources of proof for discovery and trial purposes. Taking into consideration both the private interest factors and the public factors, the Province of Quebec is a convenient forum and has a greater public interest in resolving this international controversy.

If a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. *Sinochem Int'l Co. v, Malay.Int'l Shipping Corp.*, 549 U.S. 422 (2007). Ordinarily, jurisdiction "will involve no arduous inquiry" and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum "should impel the federal court to dispose of [those] issue[s] first." *Id.* (citing *Ruhrgas Ag. v. Marathan Oil.Co.*, 526 U.S. 574 (1999)). But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course of dismissing under the doctrine of *forum non conveniens* without deciding whether the court has jurisdiction. *Id.* at 436.

This Court is not a proper venue to hear this dispute given the foregoing. It should dismiss the Complaint pursuant to 12(b)(3) or reasons of *forum non-conveniens*.

**3. Alternatively, this Court should order Plaintiff to amend its illogical and self-contradictory Complaint by striking paragraphs, or portions thereof, under Fed. R.Civ P. 12(f).**

This Court should strike any and all paragraphs that are redundant, immaterial, impertinent, or scandalous matter, as set forth in the Motion to Dismiss and Motion to Strike supported by this Memorandum of Points and Authorities, under Fed. R. Civ. P. 12(f) before ordering Defendants to answer. The above points, authorities, and analysis, as well as any exhibits and attachments to this Memorandum are incorporated herein to provide basis for this Court to grant the motions to strike as it deems appropriate.

## Conclusion

As addressed above, Plaintiff filed a Complaint containing multiple defects. This Court should dismiss Plaintiff's Complaint under Fed R. Civ. P. 12(b)(2) or 12(b)(3) since Plaintiff

fails to allege sufficient facts to give this Court proper personal jurisdictional and venue.

Alternatively, the Court should at least strike certain provisions of the Complaint under Fed. R.

Civ. P. 12(f).

### Table of Attachments

1. **Exhibit A** – Printout of Fraserside IP LLC organizational information from Secretary of

   State's Web site. 1/9/12.

2. **Exhibit B** – Affidavit of Daniel Bastien.

Respectfully Submitted,

Date: January 30, 2012

/s/ Richard M. Foster
Richard M. Foster, Pro Hac Vice
Sylvia Sultanyan, Pro Hac Vice
LAW OFFICES OF RICHARD M. FOSTER
5429 Cahuenga Boulevard
Tel: (818) 508-1500
Fax: (818) 508-1529
richard@rmflawoffice.com
sylvia@rmflawoffice.com

/s/ Connie Alt
CONNIE ALT, AT0000497
JENNIFER E. RINDEN, AT0006606
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
Tel: (319) 365-9461
Fax: (319) 365-8564
cma@shuttleworthlaw.com
jer@shuttleworthlaw.com