**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| FRASERSIDE IP L.L.C., an Iowa Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>GAMMA ENTERTAINMENT, INC., a Canadien Entity, d/b/a PornerBros.com and WILD BLUE MEDIA, d/b/a PornerBros.com, www.pornerbros.com ,and JOHN DOES 1-100 and JOHN DOE COMPANIES 1-100,<br><br>    Defendants. | No. C11-3056-MWB<br><br>**ORDER REGARDING DEFENDANTS' MOTION FOR CLARIFICATION** |

_____

*I.  INTRODUCTION AND BACKGROUND*

This case is before me pursuant to defendants' Gamma Entertainment ("Gamma") and Wild Blue Media ("Wild Blue"), doing business as PornerBros.com, and operating the website www.PornerBros.com (collectively "the Gamma defendants") Motion for Clarification of Court's Memorandum Opinion and Order Regarding Defendants' Motion to Dismiss (docket no. 25). In their motion, the Gamma defendants request clarification on four points: first, the Gamma defendants request a clarification as to the time frame for jurisdictional discovery. The Gamma defendants contend that such jurisdictional discovery may be completed within 60 days. Second, the Gamma defendants seek clarification as to the scope of discovery. The Gamma defendants argue that discovery should be limited to the "AdultFriendFinder" issue. Third, the Gamma defendants request

that their time to file a responsive pleading be tolled until the court has decided their renewed motion to dismiss. Fourth, the Gamma defendants seek to extend the deadline for scheduling order to a time following completion of the limited jurisdictional discovery. Plaintiff Fraserside IP L.L.C. has responded to the Gamma defendant's motion. In its response, Fraserside resists three of the four points of the motion. First, Fraserside objects to the Gamma defendants' suggestion that jurisdictional discovery may be completed in 60 days and argues that no timetable may be set until the parties have conferred about it. Second, Fraserside objects to discovery being limited to the "AdultFriendFinder" issue. Instead, Fraserside argues that it should be permitted to explore all contacts the Gamma defendants have with the State of Iowa. Third, Fraserside objects to the Gamma defendants' request that their time to file a responsive pleading be tolled until after their renewed motion to dismiss has been decided. Fraserside points out that since there is no motion to dismiss pending, the Gamma defendants request is speculative. Finally, Fraserside does not resist the Gamma defendants' request to extend the deadline for scheduling conference and order to a time following completion of the limited jurisdictional discovery. I will consider these four issues seriatim.

## II.  LEGAL ANALYSIS
### A.  Scope and Deadline of Jurisdictional Discovery

Initially, I take up the issue of the scope of jurisdictional discovery. The Gamma defendants argue that discovery should be limited to the "AdultFriendFinder" issue while Fraserside contends it should be permitted to explore all contacts the Gamma defendants have with the State of Iowa.

Generally, discovery under the Federal Rules of Civil Procedure is "'to be accorded a broad and liberal treatment.'" *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428,

430 (8th Cir. 1998) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).  This is maxim applies equally when discovery is directed to personal jurisdiction.  *See Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991); *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 788 (D.C. Cir. 1983); *Wyatt v. Kaplan,* 686 F.2d 276, 283-84 (5th Cir. 1982) (Wisdom, J.).  Fraserside's discovery will not be limited to the "AdultFriendFinder" issue, but may inquire into other areas that are reasonably likely to aid in resolution of the jurisdictional issue here.  Such jurisdictional discovery must be completed **on or before August 31, 2012.**

### B.  *Deadline For Filing A Responsive Pleading*

The Gamma defendants request that their time to file a responsive pleading be tolled until the court has decided their renewed motion to dismiss.  I may extend the time for filing a responsive pleading.  Fed. R. Civ. P. 6(b)(1). If a motion is made before the original time expires, I may allow an extension of time for good cause.  Fed. R. Civ. P. 6(b)(1)(A). If the request is made after the original time expires, I may grant an extension if good cause is shown and the party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).   Federal Rule of Civil Procedure 12(a)(4) provides:

> Unless the court sets a different time, serving a motion under this rule [Rule 12] alters these periods as follows:  (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action.

Fed. R. Civ. P. 12(a)(4)(A).  Here, I denied the Gamma defendants' motion to dismiss without prejudice to permit Fraserside to conduct jurisdictional discovery.  In light of this, the time for responsive pleadings is extended to **September 14, 2012.**

### *C. Deadline For Scheduling Order*

Finally, as noted above, Fraserside does not resist the Gamma defendants' request to extend the deadline for scheduling order to a time following completion of the limited jurisdictional discovery. This portion of the Gamma defendants' motion is granted. The deadline for scheduling conference order is extended to **September 28, 2012.**

**IT IS SO ORDERED.**

**DATED** this 14th day of June, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA